| | |
|---|---|
| LEROY WILLIAMS BEY,<br><br>                Plaintiff,<br><br>     v.<br><br>CHILD PROTECTIVE SERVICES, et. al.<br><br>                Defendants. | CASE NO. C13-812-MJP<br><br>ORDER DENYING MOTION FOR SERVICE OF SUMMONS AND COMPLAINT |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

This matter comes before the Court on Plaintiff's motion for the United States Marshal's Service ("USMS") to serve the summons and complaint to the more than 30 defendants named in this civil case. (Dkt. No. 6.) Having reviewed the motion and the related record the Court DENIES the motion. Further, the Court ORDERS Plaintiff to show within ten days of this order why his in forma pauperis status should not be revoked and the case dismissed because he fails to state a claim and asserts claims for money damages against defendants immune from such relief. The Court DENIES Plaintiff's motion for return of service and to find defendants as moot. (Dkt. No. 10.)

ORDER DENYING MOTION FOR SERVICE OF
SUMMONS AND COMPLAINT- 1

1       Plaintiff, proceeding pro se and in forma pauperis, has filed a civil rights complaint

2 pursuant to 42 U.S.C. § 1983. (Dkt. No. 5 at 8.) Plaintiff's claims mainly involve his children,

3 who he believes were kidnapped by the State of Washington. He asserts that defendants,

4 including federal and state judges, conspired to deprive him of custody of his children. (Id. at 4.)

5 In other instances, his claims involve the validity of his criminal conviction, lawfulness of his

6 placement at Western State Hospital, and prescription of medications at that hospital. (Id. at 4-

7 5.) Plaintiff was granted in forma pauperis status in May 2013. He now seeks service of his

8 summons and complaint against the 46 named defendants.

9       In forma pauperis is available only where Plaintiff asserts a valid claim. 28 U.S.C.

10 §1915. A Court must dismiss the case if at any point it determines the claim is "frivolous or

11 malicious…fails to state a claim on which relief may be granted…seeks monetary relief against a

12 defendant who is immune from such relief." 8 U.S.C. §1915(e)(2).

13       Applying the screening requirements for in forma pauperis status to Plaintiff's complaint,

14 the Court finds it deficient. First, in order to sustain a civil rights action, a plaintiff must show

15 (1) that he suffered a violation of rights protected by the Constitution or created by federal

16 statute, and (2) that the violation was proximately caused by a person acting under color of state

17 or federal law. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Section 1983 is the

18 appropriate avenue to remedy an alleged wrong only if both of these elements are present.

19 Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985). To satisfy the second prong, a

20 plaintiff must allege facts showing how individually named defendants caused or personally

21 participated in causing the harm alleged in the complaint. See Arnold v. IBM, 637 F.2d 1350,

22 1355 (9th Cir. 1981).

23

24

The Court declines to order that plaintiff's complaint be served because his complaint is deficient in at least the following four ways:

(1) Plaintiff fails to allege sufficient facts for state a claim against all Defendants. Rather than show facts to support his claims, the Complaint consists of legal conclusions regarding defendants kidnapping of his children or other defendants' aiding and abetting of these alleged acts. To state a claim, Plaintiff must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. Plaintiff

(2) Plaintiff alleged no facts to lower the shield of absolute judicial immunity against the eight judges he names as Defendants. Stump v. Sparkman, 435 U.S. 349, 356 (1978).

(3) In other instances, Plaintiff presented no facts from which the Court could infer the Defendants were acting under color of state law. For example, he names four criminal defense attorneys. But, a defense attorney, even if they are assigned counsel, does not act under color of state law and cannot be liable for a §1983 claim. Polk County v. Dodson, 454 U.S. 312, 317–18 (1981).

(4) Plaintiff also names Western State Hospital in the proposed complaint, but he provides no facts regarding his alleged stay in the hospital. State agencies, such as Western State Hospital, are not persons for purposes of the Civil Rights Act. Will v. Michigan Department of Police, 491 U.S. 58, 66 (1989). Section 1983 claims against a state or its agencies are, therefore, legally frivolous. See, e.g., Jackson v.

1 | Arizona, 885 F.2d 639, 640–41 (9th Cir. 1989), superseded by statute on other
2 | grounds as stated in, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en
3 | banc).

Because the Complaint is not viable, the Court DENIES the motion to order service by the Marshal's Service. The Court also DENIES Plaintiff's motion for return of service and to find other defendants as moot.

Plaintiff may file an amended complaint within thirty (30) days of the date on which this Order is signed. The amended petition must be filed under the same case number as this one, and will operate as a complete substitute for, rather than a mere supplement to, the present petition. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). If no amended complaint is timely filed, the Court will revoke Plaintiff's in forma pauperis status and dismiss the claim for failure to adequately allege a cause of action.

The clerk is ordered to provide copies of this order to all counsel.

Dated this <u>29th</u> day of July, 2013.

*[signature]*

Marsha J. Pechman
Chief United States District Judge